RECEIVED
MAR 2 2 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOHN HERRINGTON and TINA HERRINGTON | CIVIL ACTION NO: 11-1827 |
| VERSUS | JUDGE DONALD E. WALTER |
| AMERICAN SECURITY INS. CO. aka ASSURANT SPECIALTY PROPERTY | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Judgment on the Pleadings [Doc. #11] filed by American Security Insurance Co. ("American Security"), pursuant to Federal Rule of Civil Procedure 12(c). The plaintiffs, John and Tina Herrington ("the Herringtons"), oppose this motion [Docs. ##13, 15]. For the reasons assigned herein, the Motion for Partial Judgment on the Pleadings is hereby **GRANTED**.

## BACKGROUND FACTS

The Herringtons originally filed a state court petition against their property insurer, American Security, in the 6th Judicial District Court in Madison Parish, Louisiana on July 29, 2011.[1] In that petition, the Herringtons claim that "[o]n or about August 4, 2010, Petitioner, [Tina Herrington], discovered that her wood floor in her kitchen was beginning to buckle."[2] The petition further alleges that "[o]n or about August 6, 2010, petitioner then observed that her wood flooring in the kitchen had completely separated and the planks had fallen out."[3] The Herringtons

---

[1] Doc. #1-1 (Docket No. 11-176).

[2] Doc. #1-1, p. 4 of 20, ¶ 2.

[3] Doc. #1-1, p. 4 of 20, ¶ 3.

notified their insurer, defendant American Security, and contacted a plumber, who related the water damage to a leak in the hot water supply line.[4] American Security eventually denied the Herringtons' insurance claim, by a letter dated November 2, 2010.[5]

American Security insured CitiMortgage, Inc. as a named insured mortgagee on policy number ALR06073052451, with plaintiff John M. Herrington listed as an additional insured.[6] The effective dates of the policy were June 27, 2010 through June 27, 2011.[7] American Security alleges that the Herringtons' policy was for property damage only.[8] Thus, American Security moves this Court to dismiss the Herringtons' personal injury claims, for damages sustained by themselves and their two minor children, from mold caused by the subject hot water leak.[9] The Herringtons oppose American Security's motion, claiming that American Security erroneously denied the Herringtons' property damage claim, which allowed the damages to remain and continue.[10] Because of the water leak and resulting mold, the Herringtons' minor children, Colton Lane Herrington and Taylor Herrington, have allegedly suffered numerous respiratory illnesses since 2010.[11]

---

[4] Doc. #1-1, p. 5 of 20, ¶ 3-4.

[5] Doc. #1-1, p. 5 of 20, ¶ 7; Doc. #1-5.

[6] Doc. #1-2.

[7] Doc. #1-2.

[8] Doc. #11-1.

[9] Id.

[10] Doc. #15.

[11] Id.

## APPLICABLE LAW

The general rules of pleading are set forth in Federal Rule of Civil Procedure 8, which provides, in pertinent part: "A pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* Fed R. Civ. Proc. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). When the allegations in a complaint, however true, could not raise a claim of entitlement of relief, such a basic deficiency should be exposed and addressed at the earliest possible stage in litigation. *See id.* at 558.

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 209 (5th Cir. 2009) (quoting *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008)). "Thus, the 'inquiry focuses on the allegations in the pleadings' and not on whether the 'plaintiff actually has sufficient evidence to succeed on the merits.'" *Id.* (quoting *Ferrer v. Chevron Corp.,* 484 F.3d 776, 782 (5th Cir. 2007)).

American Security moves this Court to dismiss the Herringtons' personal injury claims, alleging that the plaintiffs' complaint is completely void of any facts in support thereof.

American Security insures John Herrington as an additional insured for "property damage only" under the residential policy at issue.[12] Therefore, American Security argues that there is no basis for the Herringtons to recover personal injury damages as a policy benefit. However, the Herringtons argue that it is clear from their petition that there was a water leak in their home, which resulted in property damage and ultimately, the accumulation of mold. Thus, the Herringtons claim that "[t]o state that plaintiffs[] and/or their children suffered mold[-]related illnesses while they lived in a home with water damage, presents enough facts to state a claim and shows that the pleader is entitled to relief."[13] Finally, the Herringtons argue that "American Security is liable for the plaintiffs' personal injury mold claims because [American Security's] erroneous denial of the property damage claim resulted in the continued damage to the home, thereby allowing mold to accumulate."[14]

As mentioned, a 12(c) motion is subject to the same standard as that which governs a motion to dismiss under Rule 12(b)(6). Generally, in deciding a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b). Here, because the insurance policy was attached to the complaint,[15] is referred to in the motion for partial judgment on the pleadings, and is central to the Herringtons' claims, the Court may consider the terms of the contract in assessing the motion. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d

---

[12] Doc. #11-1; Doc. #1-2.

[13] Doc. #15.

[14] Id.

[15] The Court notes that, although the plaintiffs did attach the insurance policy as Exhibit A to their original complaint, the attached policy is not complete. [See Doc. #1-1].

285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000))). Nonetheless, the Herringtons have wholly failed to reference any specific policy provision, which is a fatal defect in their pleadings.

In their petition, the Herringtons claim that the "applicable insurance policy... affords coverage to John M. Herrington and Tina Herrington for all of their damages sustained as a result of the August 4, 2010 occurence."[16] Based on that assertion, the Herringtons claim that they were erroneously denied coverage under the policy, which amounted to a breach of American Security's contractual obligation to the Herringtons.[17] The Fifth Circuit has recognized that "in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" *Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 355 (5th Cir. 2010) (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)). Clearly, the Herringtons have failed to cite any specific policy provision in alleging that American Security breached the insurance contract. The Herringtons likewise failed to cite a specific policy provision in opposition to the instant 12(c) motion or even attach the entire policy to their petition for damages. Just as "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," the same will not suffice to save the Herringtons' personal injury claims. *See S. Christian Leadership Conference*, 252 F.3d 781, 786 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Accordingly, even accepting the allegations in the complaint as true, the Herringtons

---

[16] Doc. #1-1, ¶ 6.

[17] Id. at ¶¶ 7-9.

have failed to present a legally cognizable claim.

## CONCLUSION

For the reasons assigned herein, American's motion for partial judgment on the pleadings is **GRANTED**. The plaintiffs' claims, insofar as they seek recovery from American for personal injuries sustained, are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, in Shreveport, Louisiana, this 22 day of March, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE